# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| SIMCHA PLISNER,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER KOEHN,<br>MICHAEL DOWNIE, JASON JENNY,<br>and TWIN CITIES ORAL AND<br>MAXILLOFACIAL SURGERY, PA,<br><br>Defendants. | Civil No. 14-2222 (JRT/HB)<br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Simcha Plisner, 681 County Road B2 East, Little Canada, MN  55117, *pro se*.

Plaintiff Simcha Plisner brings this lawsuit under the Americans with Disabilities Act ("ADA") against three oral surgeon dentists and the professional association they operate (collectively, "Defendants"). Plisner alleges that Defendants discriminated against him on the basis of his disability by refusing to perform oral surgery on Plisner at their dental office that would have necessitated general anesthesia. Plisner has filed an Application to Proceed In Forma Pauperis ("IFP"). Plisner has also filed a motion for emergency relief requesting that the United States Marshal serve process upon the Defendants prior to the running of the statute of limitations and requesting that the court appoint him pro bono counsel. Because the Court concludes that Plisner has provided insufficient information to allow the Court to ascertain his eligibility for IFP status, it will

deny his application to proceed IFP without prejudice and allow Plisner the opportunity to file an amended application. The Court will deny Plisner's motion for emergency relief because he is not entitled to service by the United States Marshal in the absence of a demonstration of eligibility for IFP status and because his concern about expedited service is unwarranted as timeliness for purposes of the statute of limitations in federal court is measured from the filing of the complaint, which has already been completed. Additionally, the Court will deny Plisner's motion to the extent it seeks appointment of counsel.

## I.   APPLICATION TO PROCEED IFP

Under 28 U.S.C. § 1915 the Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor," where the plaintiff "submits an affidavit that includes a statement of all assets such [person] possesses" indicating "that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); *see Gardner v. Decision One Mortg. Co.*, Civ. No. 08-4788, 2008 WL 3878095, at *1 (D. Minn. Aug. 19, 2008) (applying § 1915 to non-prisoner civil actions). The Court's primary inquiry with respect to a plaintiff's eligibility for IFP status is "the Plaintiff's ability to satisfy the initiation of costs of his Federal action without substantially depleting his financial resources." *Alter v. Astrue*, Civ. No. 09-3228, 2009 WL 4907015, at *2 (D. Minn. Dec. 18, 2009). In undertaking this inquiry, courts examine a plaintiff's monthly income, assets, and financial obligations. *Id.* at *1; *see also Carlone v. Heat &

*Frost Insulators & Allied Workers Local 34*, Civ. No. 14-579, 2014 WL 2833579, at *1 (D. Minn. June 20, 2014).  Courts also "have consistently considered not only an IFP applicant's personal income, but also his or her other financial resources, including the resources that could be made available from the applicant's spouse, or other family members."  *Helland v. St. Mary's Duluth Clinic Health Sys.*, Civ. No. 10-31, 2010 WL 502781, at *1 n.1 (D. Minn. Feb. 5, 2010) (collecting cases).

On his IFP application Plisner indicates that he is currently unemployed and receives Social Security benefits in the amount of approximately $650-750 per month.  (Application for Leave to Proceed In Forma Pauperis at 1, June 25, 2014, Docket No. 2.)  Plisner also indicates that he has an individual retirement account, a savings account, and a checking account, but placed a question mark in response to the amounts in those accounts explaining "since becoming disabled I no longer follow the accounts, I do not have the energy and patien[ce]."  (*Id.* at 2.)  Plisner states that he owns a home which is not encumbered by a mortgage, but that he does not know the value of the home.  (*Id.* at 3-4.)  With respect to expenses, Plisner states that he does not pay for utilities or home maintenance, and does not know how much he spends on food, homeowners' insurance, or taxes.  (*Id.* at 4.)  As for medical and dental expenses, Plisner indicates that he has "many" but he does "not keep trac[k]."  (*Id.*)  Pilsner further states that he pays for his "own medicines which are substantial, [his] own food and clo[th]ing, and on occasion support[s his] son."  (*Id.* at 2.)

With respect to his spouse, Plisner declined to provide information as to her income and assets, explaining that "[b]ased on a prenup neither I nor my spouse are

obligated to support each other. We have no joint financial asset[]s and never had any in our 32 year marriage. I don't know exactly what her income is." (*Id.* at 1.) But Plisner also states that his wife pays for utilities at their home and "occasionally" buys things for him. (*Id.* at 3-4.)

The Court concludes that the information provided by Plisner is insufficient to allow the Court to determine that he is entitled to IFP status. *See Nerness v. Johnson*, 401 F.3d 874, 875 (8th Cir. 2005) (finding IFP application insufficient where plaintiff "submitted only his 2002 federal tax returns" because they failed to "include a statement of assets"). First, Plisner has failed to identify his assets – including the amounts in his various bank accounts and the value of his home – which prevents the Court from determining whether Plisner could pay the filing fee without substantially depleting his financial resources. Although the Court is not without sympathy for Plisner's apparent disability, that does not relieve him of the obligation to provide complete information on his IFP form – even if, for example, that requires calling his banking institution, visiting the bank, or viewing the information for his accounts online. Second, the Court concludes that Plisner's failure to provide information regarding his spouse's income and assets is not excused because of the prenuptial agreement pursuant to which he and his wife have allegedly kept their financial assets and obligations separate. As explained above, the Court's directive in considering a plaintiff's eligibility for IFP includes examining financial resources that could be made available from the applicant's spouse, regardless of whether the spouse typically holds separate accounts and assets.

- 4 -

Furthermore, it is apparent from Plisner's application that he does in fact receive financial support from his wife as she pays utility bills and other expenses on his behalf.

Therefore, the Court will deny Plisner's application to proceed IFP. *Cf. Thompson v. United States*, 103 Fed. Cl. 16, 18 (Fed. Cl. 2011) (denying an IFP application because plaintiffs "fail[ed] to provide any information about their assets" and the court was therefore "unable to determine plaintiffs' financial status"). However, the Court will deny Plisner's application without prejudice, and allow him to file a new application containing information about his bank accounts and assets as well as the income and assets of his spouse.

## II.   MOTION FOR EMERGENCY RELIEF

### A.   Expedited Service

In his motion for emergency relief Plisner requests that the Court order "the immediate and expedited service of process by the U.S. Marshals." (Emergency Ex Parte Motion at 2, June 25, 2014, Docket No. 4.) Plisner's request for expedited service is based on his understanding that service must be completed within the statute of limitations – which he believes will soon expire on his federal claims under the ADA – in order for his action against Defendants to be timely. But in a federal case like this, the relevant action for determining whether a case is filed within the statute of limitations is the filing of the complaint – which Plisner has already done – not effecting service on the defendants. *See Thomsen v. United Parcel Serv., Inc., Local 710, Int'l Bhd. of Teamsters*, 792 F.2d 115, 117 (8th Cir. 1986) ("In a case such as this, based upon federal law and

controlled by federal statute of limitation, . . . the commencement of the action in and of itself is sufficient to toll the statute." (citing Fed. R. Civ. P. 3)); *see also Henderson v. United States*, 517 U.S. 654, 657 (1996).  In other words, whether Plisner's allegations that Defendants violated the ADA are timely will be measured from the time he filed his complaint, and will not be affected by whether the U.S. Marshals execute expedited service of complaint or instead execute service in a standard time frame.  Accordingly, Plisner's request for emergency relief is unnecessary, and the Court will deny the motion to the extent it requests expedited service.  Furthermore, the Court notes that because Plisner has not established that he is entitled to IFP status, the Court cannot, at this time, order the U.S. Marshals to execute service on his behalf.  If Plisner submits an amended application to proceed IFP establishing his entitlement to proceed without paying the filing fee, the Court will at that time direct the Clerk of Court to issue summons and the United States Marshal to serve a copy of the complaint and summons upon the Defendants, with the costs of service to be advanced by the United States.

### B.     Appointment of Counsel

There is no constitutional or statutory right to the appointment of counsel in civil cases. *Pennsylvania v. Finley*, 481 U.S. 551, 556-67 (1987).  In considering a motion to appoint counsel,

> [t]he trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim.

*Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996).

The Court concludes that these factors do not weigh in favor of appointing counsel for Plisner at this time. Neither the facts nor the legal issues raised in Plisner's complaint are so complex that appointment of counsel is warranted. Plisner alleges a relatively straightforward discrimination claim based on a discrete set of facts. Furthermore, in his complaint and motion for emergency relief Plisner has clearly articulated the relief he seeks and the basis for his claims, suggesting that he will be able to adequately communicate his claims and arguments to the Court. At this stage, Plisner has not demonstrated that conflicting testimony necessitates the appointment of counsel. Nor has Plisner shown that he will be unable to gather the facts necessary to present his claims. Accordingly, because the Court does not believe that the appointment of counsel would substantially benefit the Court or Plisner at this time, it will deny his motion.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Application for Leave to Proceed In Forma Pauperis [Docket No. 2] is **DENIED without prejudice**.

2. On or before July 22, 2014, Plaintiff must either file an amended application for leave to proceed in forma pauperis or pay the entire filing fee. Failure to take one of these actions by the specified date will result in dismissal of Plaintiff's complaint without prejudice.

- 8 -

    3.        Plaintiff's Emergency Ex Parte Motion [Docket No. 4] is **DENIED**.

DATED: July 2, 2014                  _____s/ *John R. Tunheim*_____
at Minneapolis, Minnesota.                 JOHN R. TUNHEIM
                                                             United States District Judge